**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------

NAPOLEON TETREAULT,

                                        Petitioner,

                    v.                                          No. 05-CV-1532
                                                                  (NAM/DRH)

SUPERINTENDENT,

                                        Respondent.

-------------------------------------------------------------

**APPEARANCES:**                          **OF COUNSEL:**

NAPOLEON TETREAULT
Petitioner Pro Se
No. 02-B-1345
Five Points Correctional Facility
Post Office Box 119
Romulus, New York 14541

HON. ANDREW M. CUOMO                       LUKE MARTLAND, ESQ.
Attorney General for the State            MALANCHA CHANDA, ESQ.
    of New York                            Assistant Attorneys General
Attorney for Respondent
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

        Petitioner pro se Napoleon Tetreault ("Tetreault") is currently an inmate in the custody

of the New York State Department of Correctional Services (DOCS) at Five Points Correctional

Facility.  Tetreault pleaded  guilty on June 14, 2002 to attempted robbery in Cortland County.

He is  presently  serving  a  term  of  three  years  incarceration  and  five  years  post-release

_____

        [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

supervision.[2]  Tetreault now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the

grounds that (1) the factual basis for his plea was deficient; (2) there was insufficient evidence

to establish the use of force; (3) the store employee did not incur any injury or need medical

attention; (4) he was unable to appear as a witness in front of the grand jury; (5) he was denied

bail as a result of a conflict of interest on the part of the judge addressing his bail application;

and (6) he improperly pleaded guilty before and was sentenced by a city court judge.   For the

reasons which follow, it is recommended that the petition be denied.


## I.  Background

On January 10, 2002, Tetreault and his accomplice entered a grocery store located

in Cortland County and placed ten bags of shrimp under Tetreault's coat.  As Tetreault

attempted to leave the store, there was a struggle between Tetreault and the store

employee.  Tetreault was subsequently arrested and charged with one count of second

degree robbery.  TPH 5-8.[3]  He eventually pleaded guilty to a reduced charge of attempted

second degree robbery.

On May 10, 2002, Tetreault appeared for his plea allocution.  Tetreault's counsel

informed the court that based on the plea agreement with the prosecution, Tetreault was

---

[2]  Tetreault was released on parole on June 9, 2006, but his post-release
supervision maximum expiration date is not reached until February 13, 2010.  See DOCS
Inmate Information  (visited Dec. 31, 2006), <http://nysdocslookup.docs.state.ny.
us/kingw00>.  Therefore, Tetreault is "in custody" for the purpose of the habeas statute.
See Dixon v. Miller, 293 F.3d 74, 78 (2d Cir. 2002); see also Gary v. Conway, No. 9:03-
CV-480 (LEK), 2006 WL 3290149, at *3-4 (N.D.N.Y. Nov. 13, 2006).

[3]  "TPH" followed by a number refers to the Transcript of the Plea Hearing filed with
respondent s response.  Docket No. 12.

-2-

subject to a sentence of two years imprisonment and one and one-half to three years of post-release supervision.  TPH: 2.  The court asked Tetreault whether he wanted to enter a plea of guilty under this indictment, and he responded that he did.  TPH: 2.

On June 14, 2002, Tetreault appeared for sentencing.  TS: 2-10.[4]  Tetreault was adjudged a second felony offender.  The prosecution then informed the court that the minimum sentence for a second felony offender was three years imprisonment plus one and one-half to three years post-release supervision.  TS: 3.  The court concurred and informed Tetreault that because the mandatory minimum sentence was three years, it no longer could sentence him to two years imprisonment but must impose three years.  TS: 3. The court then gave Tetreault a choice to either withdraw the plea and proceed with a trial or to accept the sentence of three years.  TS: 3-6.  Tetreault protested but nevertheless accepted the revised sentence.  TS: 7-9.  He then was sentenced to three years imprisonment to be followed by three years of post-release supervision.  TS: 7-9.

On August 9, 2002, Tetreault was re-sentenced.  TR:2-6.[5]  The court informed Tetreault that an error was made with the length of the post-sentence supervision and the post sentence supervision for Tetreault was required by law to be at least five years instead of three.  TR: 2.  Tetreault expressed frustration with another change in his sentence and claimed that it would be "illegal" to change his mandatory minimum post-sentence supervision from three years to five years.  TR: 2.  However, when given another

---

[4] "TS" followed by a number refers to the Transcript of the Sentencing Proceeding filed with respondent s response.  Docket No. 12.

[5] "TR" followed by a number refers to the Transcript of Re-sentencing Proceeding filed with respondent s response.  Docket No. 12

-3-

opportunity either to accept a sentence of three years imprisonment followed by five years post-sentence supervision or to withdraw the guilty plea and proceed to trial, Tetreault opted to accept the new terms.  TR: 5.  The court offered Tetreault time to consider his options, but Tetreault chose to proceed.  TR: 5.  The court then sentenced Tetreault to three years imprisonment followed by five years post-release supervision and told him that he had an absolute right to appeal.  TR: 5-6.

Tetreault did so.  The Appellate Division unanimously affirmed his conviction and sentence.  People v. Tetreault, 783 N.Y.S.2d 433 (3d Dep't 2004).  The New York Court of Appeals denied leave to appeal on December 27, 2004.  People v. Tetreault, 790 N.Y.S.2d 661 (2004).  This action followed.


## II.  Discussion

## A. Claims One and Two

Respondent contends that Tetreault's first two claims are procedurally barred.  "A [federal habeas] court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991) (citation omitted).  This happens when the last state court rendering a decision in the case clearly holds that its judgment rested on a state procedural bar.  Harris v. Reed, 489 U.S. 255, 262 (1989).  In this petition, Tetreault raises the same questions that were already answered by the Appellate Division: 1) whether he committed robbery, and 2) whether "the plea allocution failed to establish the factual basis for the force element of attempted

robbery in the second degree," Tetreault, 783 N.Y.S.2d 433 (3rd Dep't 2004).

Under New York law, in order to preserve a challenge to the factual sufficiency of a plea allocution, a criminal defendant must either make a motion to withdraw the plea pursuant to N.Y. Crim. Proc. Law § 220.60 or make a motion to vacate the judgment of conviction under N.Y. Crim. Proc. Law § 440.10. People v. Lopez, 71 NY2d 662, 665-666 (1988). The Appellate Division here affirmed the trial court's finding that "the plea allocution revealed nothing that would negate an essential element of the crime" and supported its decision by pointing out that the petitioner twice had the opportunity to withdraw his plea but chose not to do so. Id. Further, the court held that Tetreault's "use of force to attempt to get past a store employee who stopped him" satisfied the force element of the alleged crime. See Tetreault, 783 N.Y.S.2d at 433.

Thus, because the plea allocution failed to reveal a negation of the essential element of attempted robbery, the trial court was not required to inquire further. Nevertheless, the sentencing judge inquired whether Tetreault understood the consequences of entering the plea and only after Tetreault assured the court did the judge proceed with re-sentencing. TS 3-6; TR 5. Therefore, it is clear from the record that Tetreault's guilty plea was procedurally barred because it was resolved by the state courts on independent and adequate state grounds.

However, procedurally barred claims may still be reviewed if the petitioner shows either cause for the default and prejudice therefrom or that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Wainwright v. Sykes, 433 U.S. 72, 81 (1977); Restrepo v. Kelly, 178 F.3d 634, 638 (2d Cir. 1999). Tetreault may demonstrate cause by showing that "the factual or legal basis for a claim was

not reasonably available to counsel . . . or that some interference by state officials' made compliance impracticable." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Tetreault urges neither.  If a petitioner fails to show adequate cause for procedural default, a court need not determine the issue of prejudice.  Stepney v. Lopes, 760 F.2d 40, 45 (2nd Cir. 1985). Tetreault also offers no basis to find that a failure to consider these claims would result in a fundamental miscarriage of justice.  Therefore, petitioner procedurally defaulted on first two of his claims and it is recommended that the petition be denied on these grounds.[6]

## B. Remaining Claims

Tetreault's remaining four claims require no extended discussion.  As to the fourth and fifth claims, each alleges matters occurring prior to Tetreault's guilty plea.  Once, as here, a defendant enters a guilty plea acknowledging commission of the offense charged, he or she effectively waives any claims of error occurring prior thereto.  Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996).  Neither of these claims, therefore, provides any basis for habeas relief here.  The third claim alleges that the store employee suffered no significant physical injury.  However, attempted robbery in the second degree required no proof of any physical injury, only the forcible taking of property.  See N.Y. Penal Law § 160.10.  The sixth claim essentially

---

[6]On their merits, these two claims must also fail because, first, the Constitution did not mandate that the state court conduct any factual inquiry into the basis for the guilty plea and, second, even if required, the trial court conducted a sufficient factual inquiry when, inter alia, it noted for the record Tetreault's post-arrest admissions.  TPH 5-8. Therefore, for the reasons stated in respondent's memorandum of law at pages 14-18, which are incorporated herein by reference, Tetreault's first two claims should also be denied on their merits.

asserts that the trial judge lacked jurisdiction to accept Tetreault's guilty plea and impose sentence. That judge, County Court Judge Martin E. Smith of New York State's Sixth Judicial District, had jurisdiction under state law to hear the charges against Tetreault and impose sentence. <u>See</u> N.Y. Crim. Proc. Law § 10.20(1) (granting county courts jurisdiction over felony offenses); <u>see also</u> N.Y. Const., art. 5, § 6 (Sixth Judicial District includes Cortland County).

Accordingly, Tetreault's four remaining claims are without merit and his petition on those grounds should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAY WILL PRECLUDE APPELLATE REVIEW**. <u>Roland v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d cir. 1989); 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated:  January 17, 2007
        Albany, New York

United States Magistrate Judge